UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

DEC 2 0 2010

PER ＿＿＿＿＿＿
DEPUTY CLERK

WILLIAM GEORGE KERCE,

    Plaintiff

v.

DR. BALL, et al.,

    Defendants

Civil No. 3:10-CV-1144

(Judge Kosik)

## MEMORANDUM AND ORDER

AND NOW, this 20th day of December, 2010, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, William George Kerce, a federal inmate currently housed at the Medical Center for Federal Prisoners, located in Springfield, Missouri, filed this pro se Complaint, alleging an Eighth Amendment claim that prison medical staff at USP Lewisburg have been deliberately indifferent to his various medical needs. (Doc. 1).

(2) Plaintiff has been evaluated by prison health services staff on twenty-five (25) separate occasions for complaints related to various medical conditions, specifically, problems with his back, hip, and knee. (Docs. 27, 52 at 2).

(3) On May 22, 2009, Plaintiff was examined by Defendant, Physician's Assistant Alama for complaints of back and right hip pain, and it was noted at that time that Plaintiff had received prior orthopedic care and was wearing a knee support on his left knee. (Docs. 27, 40 at 2).

(4) After several visits, medical providers prescribed Tylenol 3 for Plaintiff's pain; however, Plaintiff disagreed with this course of pain management, and eventually requested stronger, narcotic-grade painkillers, and x-rays. (Docs. 52, 27 at 3).

(5) On August 25, 2009, Plaintiff was provided with a consultation and examination with an orthopedic surgeon wherein he received an injection to the left knee, an MRI of the left knee, an MRI of part of his spine, and medical staff scheduled a follow-up examination after the MRI was completed. (Docs. 27, 52 at 5).

(6) The results of the August 25, 2009 MRI indicated the existence of a left lateral meniscal tear. (Docs. 26 at 6, 52 at 5).

(7) Following an orthopedic consultation, arthroscopic surgery of the left knee was recommended. (Docs. 26 at 6, 52 at 5).

(8) Plaintiff was ultimately transferred to the prison medical center in Springfield, Missouri so he could receive further care and treatment.

(9) On May 27, 2010, Plaintiff filed a Complaint against Defendants Dr. Ball, Pigos, Bussanich, and Alama, alleging that Defendants were deliberately indifferent to his various medical needs, in violation of the Eighth Amendment of the United States Constitution.

(10) Defendants filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment on August 5, 2010, alleging that the case should be dismissed for Plaintiff's failure to exhaust his administrative remedies; that the court should grant summary judgment in Defendants' favor because Plaintiff failed to state an adequate claim for deliberate indifference to a serious medical need; or that summary judgment should be granted in Defendants' favor because Defendants are entitled to qualified immunity.[1] (Doc. 27).

(11) The case was assigned to Magistrate Judge Martin C. Carlson for screening.

(12) The Magistrate Judge issued a Report and Recommendation on September 30, 2010, recommending that Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim based on Plaintiff's failure to exhaust his administrative remedies be denied because Defendants failed to rebut Plaintiff's factual assertion that he did, in fact, exhaust his medical claims through the administrative grievance process. (Doc. 52 at 11).

(13) However, in his Report and Recommendation, the Magistrate Judge recommends that Defendants' Motion for Summary Judgment on Plaintiff's Eighth Amendment deliberate

---

[1] Because we will grant Defendants' Motion for Summary Judgment based on Plaintiff's failure to meet the legal and factual threshold necessary to sustain an Eighth Amendment claim of deliberate indifference, we need not address Defendants' remaining claims for relief, i.e. dismissal for failure to exhaust, or granting summary judgment based on qualified immunity.

2

indifference claim be granted.

(14) Pursuant to Local Rule 72.3, Plaintiff was given fourteen (14) days, after being served with a copy of the Report and Recommendation, to make any objection to the Magistrate Judge's proposed findings, recommendation, or report.

AND IT FURTHER APPEARING THAT:

(15) If no objections are filed to a magistrate judge's report and recommendation, the plaintiff is not statutorily entitled to a de novo review of his claim. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. See Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

(16) Plaintiff failed to raise any objections to the Magistrate Judge's Report and Recommendation.

(17) We have reviewed the Report and Recommendation of the Magistrate Judge, and we agree with his findings.[2]

(18) In the medical context, an Eighth Amendment violation occurs only when government officials are deliberately indifferent to an inmate's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 105 (1976).

---

[2] Defendants filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (Doc. 24). We note that where "matters outside the pleadings are presented to and not excluded by the court, the motions shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(d); see also Fed. R. Civ. P. 56 (A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion). "When a motion to dismiss is converted into a motion for summary judgment the parties must be given notice of the conversion and an opportunity to present material to the court." Latham v. United States, 306 F. App'x 716, 718 (3d Cir. 2009); see also Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989). The Third Circuit has held that filing a motion to dismiss, or in the alternative a motion for summary judgment is sufficient "to place the parties on notice that summary judgment might be entered." Hilfirty v. Shipman, 91 F.3d 573, 578-79 (3d Cir. 1996). In the case before us, Defendants framed their Motion as a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (Doc. 24). Since the Motion was filed "in the alternative" and fully briefed, we find this satisfies the notice requirement set forth by the Third Circuit, and it is appropriate for us to rule on the Motion as one for Summary Judgment.

3

(19) To sustain an Eighth Amendment claim for deliberate indifference to a medical need, the plaintiff must establish that (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official must have a sufficiently culpable state of mind, i.e. a state of mind that is deliberately indifferent to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); see also Spruill v. Gillis, 372 F.3d 218, 237 (3d Cir. 2004).

(20) "It is well settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

(21) Courts are reluctant to second-guess the propriety or adequacy of a particular course of medical treatment. See James v. Dep't of Corr., 230 F. App'x 195 (3d Cir. 2007). Where there is a dispute or disagreement between an inmate and doctors over alternate treatment plans, the inmate's complaint will fail under an Eighth Amendment Constitutional claim since "the exercise by a doctor of his professional judgment is never deliberate indifference." See Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990); see also Youngberg v. Romeo, 457 U.S. 307, 322 (1982).

(22) Plaintiff has conceded, and it is undisputed, that he received ongoing medical care, which defeats his Eighth Amendment claim for deliberate indifference of a serious medical need. (Doc. 52 at 18). While Plaintiff may be dissatisfied with his ongoing medical care, he is, nonetheless, receiving some medical treatment for his ailments, and has even been transferred to the federal medical facility in Springfield, Missouri for treatment. "He received therapy, pain-management counseling, an MRI examination, and consultations with orthopedic specialists." (Doc. 52 at 17). "A number of health care professionals committed their time and talents to this treatment, meeting with Kerce, evaluating test results, counseling and caring for him." (Doc. 52 at 17). After giving reasoned consideration to the Report and Recommendation of the Magistrate Judge and the record, we conclude that Plaintiff has

4

failed to meet the legal and factual threshold necessary to sustain an Eighth Amendment claim.

AND IT FURTHER APPEARING THAT:

(23) Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The court should view the facts in the light most favorable to the nonmoving party and make all reasonable inferences in that party's favor. Hugh v. Butler Cnty. Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

(24) If the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1986)). Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

(25) Plaintiff has failed to establish that prison medical staff were deliberately indifferent to his serious medical needs– an essential element of an Eighth Amendment claim. For the aforementioned reasons, we will grant Defendants' Motion for Summary Judgment because Plaintiff has failed to meet the threshold requirements of an Eighth Amendment claim.[3]

---

[3]Plaintiff also filed a Memorandum of Law in Support of a TRO and Preliminary Injunction. No accompanying motion was filed. In the Memorandum/Order, Plaintiff seeks placement in a federal medical facility for purposes of surgical treatment related to his back, hip, and knee pain. Plaintiff is currently

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The September 30, 2010, Report and Recommendation of the Magistrate Judge (Doc. 52) is ADOPTED;

(2) Defendants' Motion for Summary Judgment (Doc. 24) is GRANTED;

(3) Judgment is hereby entered in favor of Defendants and against Plaintiff;

(4) Plaintiff's request for a temporary restraining order (TRO) and preliminary injunction (Doc. 29) is DENIED as moot;

(5) Plaintiff's outstanding Motion to Appoint Counsel (Doc. 55) is DENIED;

(6) The Clerk of Court is directed to CLOSE this case and to FORWARD a copy of this Memorandum and Order to the Magistrate Judge.

*signature*
Edwin M. Kosik
United States District Judge

---

housed at the federal medical facility in Springfield, Missouri for the purpose of treating his various ailments. Since Plaintiff has already received the requested relief, we will deny the Motion as moot.

6